# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

       Plaintiff,

vs.                                                               No. CV 21-01161 DHU/SCY

FAIRFIELD (HOTEL),

       Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Claim for Damage, Injury, or Death (Doc. 1) ("Complaint") filed by Plaintiff Myrtis Paulo Hart. The Court will dismiss the Complaint without prejudice for failure to comply with a Court order, failure to comply with statutes and local rules, and failure to prosecute this proceeding.

This is one of the many cases Plaintiff Myrtis Paulo Hart has filed in this Court.[1] Plaintiff Hart filed his Complaint on December 3, 2021. (Doc. 1). At the time of filing, Hart's Complaint

---

[1] *Hart v. State of New Mexico*, CV 19-00089 MV/GJF; *Hart v. Gallegos*, CV 19-00128 JCH/JFR; *Hart v. Gallegos*, CV 19-00175 RB/GBW; *Hart v. Gallegos,* CV 19-00766 JB/KBM; *Hart v. Gallegos*, CV 19-00834 MV/JHR; *Hart v. Gallegos,* CV 19-00932 MV/SCY; *Hart v. Gallegos,* CV 20-00595 WJ/SMV; *Hart v. Borne*, CV 20-00965 KG/JFR; *Hart v. McDonald's,* CV 20-01044 WJ/JFR; *Hart v. Central New Mexico Correctional Facility,* CV 20-01046 KG/GB; *Hart v. Clovis Police Department,* CV 20-01064 KG/SMV; *Hart v. Federal Bureau of Investigation,* CV 20-01141 MV/JFR; *Hart v. United States,* CV 21-0008 KG/CG; *Hart v. Lytle,* CV 21-00017 MV/GBW; *Hart v. Saavedra,* CV 21-00106 KWR/GBW; *Hart v. Guadale*, CV 21-00131 JB/SCY; *Hart v. Northwestern New Mexico Correctional Facility*, CV 21-00136 KG/KK; *Hart v. Central New Mexico Correctional Facility,* CV 21-00137 KWR//JFR; *Hart v. Northwestern New Mexico Correctional Facility,* CV 21-00186 JB/SMV; *Hart v. Curry County Adult Detention Center,* CV 21-01011 RB/KBM; *Hart v. Talin Market World Food Fare,* CV 21-01012 KG/SCY; *Hart v. Dank Smoke Shop and Grocery,* CV 21-01013 KG/GBW; *Hart v. Discount Liquors,* CV 21-01014 JCH/SCY; *Hart v. State of New Mexico,* CV 21-01048 JCH/KRS; *Hart v. Adult Probation and Parole*, CV 21-01049 JB/KBM; *Hart v. Martinez,* CV 21-01073 JB/GB; *Hart v. Summit Food Service,* CV 21-01074 MIS/LF; *Hart v. Sellers*, CV 21-01075 MV/KK; *Hart v. Curry County Adult Detention Center,* CV 21-01078 MV/SMV; *Hart v. Curry County Adult*

indicated he was incarcerated at the Curry County Adult Detention Center. (Doc. 1 at 3). As the sole Defendant, he named Fairfield (Hotel). (Doc. 1 at 1). Hart's Complaint appeared to be on a federal Tort Claims Act notice. Hart alleged:

> "In association with a call to police the day in question I can
> be seen being thrown out of a hotel room and being stolen from
> in a direct co-conspiratorial role with the front desk employees
> whom delayed calling the police and letting the patrons (robbers)
> withhold my property (wallet, shoes, clothes, etc. . .)
> Extent of each issue stems to a/or the nature of Extensive
> Harassment Co-Conspiratorial roles to engage in Affray and robbery
> which lead to a prolonged anxiety as with as physical injury incurred
> while be beaten in a co-conspiratorial role to rob me by hotel
> staff. Visible damage seen by officers."

(Doc. 1 at 1). He sought damages in the amount of $300,000. (Doc. 1 at 1).

The Court determined that Plaintiff's Complaint was not in proper form. Plaintiff also did not pay the filing fee or submit an application to proceed *in forma pauperis* at the time he filed the Complaint. The Court entered an Order to Cure Deficiency on January 4, 2022, directing Plaintiff Hart to put his Complaint in proper form and either pay the filing fee or submit an application to proceed under 28 U.S.C. § 1915 within thirty days of entry of the Order. (Doc. 2). With the Order to Cure, the Court also provided Plaintiff with a form prisoner civil rights complaint and a form Application to Proceed in District Court Without Prepayment of Fees or Costs. (Doc. 2 at 2). The Order advised Plaintiff that, if he failed to cure the deficiencies within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 2 at 1).

---

*Detention Center,* CV 21-01079 KG/KRS; *Hart v. Seven-Eleven*, CV 21-01105 KG/GJF; *Hart v. WalMart*, CV 21-01107 MV/KRS; *Hart v. Sahara Hotel,* CV 21-01108 JB/KRS; *Hart v. Federal Bureau of Investigation,* CV 21-01124 KG/SCY; *Hart v. Foot Locker Corporation,* CV 21-01135 MIS/GBW; *Hart v. Lil Caesars,* CV 21-01136 KWR/KBM; *Hart v. Transition for Living,* CV 21-01137 MV/CG; *Hart v. Fairfield (Hotel)*, CV 21-01161 WJ/SCY.

Plaintiff Hart did not comply with the Court's January 4, 2022, Order. He did not submit an amended complaint in proper form. He did not pay the filing fee but did submit an application to proceed *in forma pauperis* (Doc. 3). However, the application was incomplete and did not include the 6-month inmate account statement required by 28 U.S.C. § 1915. The application to proceed (Doc. 3) is denied because it is incomplete and does not comply with the statutory requirements of § 1915.

Although Plaintiff Hart did not give any notice that his address had changed, the Court, on its own initiative, searched the Curry County Adult Detention Center and New Mexico Department of Corrections' records, confirmed that Plaintiff had been released from Curry County Adult Detention Center on November 21, 2021, confirmed Plaintiff was incarcerated at Central New Mexico Correctional Facility, and changed Plaintiff's address of record to Central New Mexico Correctional Facility. Subsequently, mail sent to the Central New Mexico Correctional Facility address for Plaintiff Hart in this and several of his other cases was returned as undeliverable.[2] (Doc. 5). A search of the New Mexico Department of Corrections records disclosed that Plaintiff has now been released from the Central New Mexico Correctional Facility, is no longer in custody of the Department of Corrections, and his whereabouts is unknown.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Plaintiff Hart has failed to

---

[2] See, e.g., CV 21-01049 DHU/KBM, CV 21-01073 JB/GBW, CV 21-1075 MV/KK, CV 21-01011 RB/KBM, CV 21-01079 KG/KRS, CV 21-01137 MV/CG, CV 21-01161 DHU/SCY.

comply with D.N.M. LR-Civ. 83.6 by failing to keep the Court advised of his address and failing to maintain communication with the Court.

Plaintiff has never submitted a complaint in proper form as ordered by the Court on December 2, 2021 (Doc. 2), has failed to submit a complete application to proceed *in forma pauperis,* and has failed to pay the filing fee as required by 28 U.S.C. §§ 1914 and 1915. He has also failed to keep the Court advised of his correct mailing address as required by D.N.M. LR-Civ. 83.6. The Court may dismiss a proceeding under Fed. R. Civ. P. 41(b) for failure to comply with statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Order of January 4, 2022, failure to comply with statutes and local rules, and failure to prosecute this proceeding.

**IT IS ORDERED:**

**(1)** Application to Proceed in District Court Without Prepayment of Fees or Costs filed by Plaintiff Myrtis Paulo Hart (Doc. 3) is **DENIED**; and

**(2)** the Claim for Damage, Injury, or Death (Doc. 1) filed by Plaintiff Myrtis Paulo Hart is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with the Court's January 4, 2022, Order, failure to comply with statutes and local rules, and failure to prosecute.

_____
UNITED STATES DISTRICT JUDGE